THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| FRANCES ZIZZO ZACCARDI, | ) | Case No.  2:07CV439 DS |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM ORDER ADDRESSING PLAINTIFF'S MOTION TO RECONSIDER |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

On July 2, 2007, petitioner Frances Zaccardi filed a Motion to Quash an IRS Summons. The IRS was conducting an examination into Ms. Zaccardi's federal income tax liability for the 2005 tax year.  In the course of that examination, Revenue Agent Priscilla Gale issued summonses to Brighton Bank and Keybank, requiring them to produce for examination records pertaining to Ms. Zaccardi.  In response, Ms. Zaccardi filed her Motion to Quash.  The United States Attorney then filed a Motion to Dismiss the petitioner's motion.

Magistrate Judge Brooke C. Wells, after considering both the petition to quash and the motion to dismiss, issued a Report and Recommendation recommending that the motion to dismiss be granted and Ms. Zaccardi's motion to quash be denied.  Ms. Zaccardi filed an 18-page objection to the Report and Recommendation, and the government responded, noting that the IRS has explicit statutory authority to issue summonses in connection with examinations into a person's tax liability and need not obtain prior judicial approval before issuing such a summons. District Judge Paul Cassell, after reviewing Judge Wells' Report and Recommendation and Ms.

Zaccardi's objection, held that the IRS is plainly entitled to conduct the kind of investigation it is conducting. He adopted the Report and Recommendation, and dismissed Ms. Zaccardi's case and denied her motion to quash. Ms. Zaccardi filed a motion to reconsider, which this Court denies for the following reasons.

## II.  ANALYSIS

The Court agrees that this motion should be construed as a Rule 60 motion. And while Rule 60 motions are liberally construed, "there is a compelling interest in the finality of judgments which should not lightly be disregarded." *Pena v. Sequros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985).

A district court may grant a Rule 60(b) motion only if the moving party shows "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) satisfied or discharged judgement; or (6) 'extraordinary circumstances' which would justify relief." *School Dist. No. 1J, Multnomah County, Or. V. AcandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). As noted by the government, Ms. Zaccardi has identified no specific basis for reconsideration. Her original opposition to the United States' Motion to Dismiss consisted mostly of meritless tax arguments. And her Motion to Reconsider has identified no new law or additional evidence that would require this court to reconsider.

Ms. Zaccardi argues that Judge Cassell did not "even as much as read the case law that was presented by Petitioner i.e. Taylor vs. U.S." However, this so-called case law is a Memorandum of Law in Support of Petition to Quash Summons in a District of Texas case. It constitutes someone's argument, not law, and it provides no precedent for this Court. Judge Cassell had all of Ms. Zaccardi's arguments before him when he made his decision, and he found

that those arguments were "not meritorious" and that "the IRS is plainly entitled to conduct the kind of investigation it is conducting." Because Ms. Zaccardi has not provided this Court with any new law or evidence, nor has she indicated any sort of "extraordinary circumstances," the Court's only option is to deny her Motion to Reconsider.

## VI.  CONCLUSION

For the foregoing reasons, the Court hereby denies the petitioners Motion to Reconsider.

SO ORDERED.

DATED this 10th day of January, 2008.

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT